UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOFFMAN,

    Plaintiff,

v.                                       Case No. 17-13263

STAVEY NEVES,
VICKIE CARLSON,

    Defendants.
                                       /

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND
DENYING DEFENDANT CARLSON'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, a pro se federal inmate, filed a complaint under 42 U.S.C. § 1983 against Defendants, two of his former prison nurses, alleging violations of his rights under the Eighth and Fourteenth Amendments. (Dkt. #1.) Plaintiff's claims stem from the medical treatment he received for pancreatitis during his incarceration. The case was referred to Magistrate Judge Stephanie Dawkins Davis for consideration. (Dkt. #5.) After a period of discovery, Defendant Carlson moved for summary judgment. (Dkt. #12.) Magistrate Judge Dawkins Davis issued a Report and Recommendation to deny Defendant Carlson's Motion (Dkt. #38), and Defendant Carlson filed two objections to the R&R (Dkt. #41.) Plaintiff filed a timely response to the objections. (Dkt. #42.) After reviewing the R&R and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, and in the R&R, the court will overrule Defendant Carlson's objections, adopt the R&R, and deny Defendant Carlson's motion for summary judgment.

### I. STANDARD

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### II. DISCUSSION

Defendant Carlson raises two objections to the R&R. First, she asserts that the Magistrate Judge incorrectly considered her failure to follow standard medical procedures as evidence of deliberate indifference. (Dkt. #31, PageID 309.) Second, Defendant Carlson argues that the Magistrate Judge improperly considered

inadmissible evidence in determining that a dispute of material fact existed regarding whether she was deliberately indifferent to Plaintiff's serious medical needs or simply following orders from her supervisor. (Dkt. #41, PageID 311.) The court finds both objections without merit and addresses each in turn.

### 1. Defendant's First Objection

Defendant Carlson does not object to the R&R's determination that Plaintiff suffered a serious medical condition. Rather, Defendant Carlson's first objection challenges the Magistrate Judge's determination that sufficient evidence exists for a jury to find that she satisfied the subjective element of Plaintiff's Eighth Amendment deliberate indifference claim.

In her interrogatory response, Defendant Carlson admits that she did not follow Michigan Department of Corrections ("MDOC") Standing Orders when housing staff notified her that Plaintiff was complaining of severe abdominal pain and she did not immediately evaluate Plaintiff. (Dkt. #28, PageID 180.) MDOC Standing Orders classify "severe abdominal pain" as a request that receives "the highest priority." (Dkt. #28, PageID 162.) The protocol for such high priority requests is as follows: "Prisoners who complain of symptoms of undiagnosed and potentially significant health problems or exacerbations of diagnosed significant health problems which if not treated expediently could lead to much more serious outcomes are evaluated immediately." (Dkt. #28, PageID 162.)

Defendant Carlson asserts that because she evaluated Plaintiff a few hours prior to the complaint and knew of Plaintiff's history of pancreatitis, Plaintiff's condition was not "undiagnosed" and, therefore, she was not required to follow the Standing Orders

for high priority requests. (Dkt. #41, PageID 309.) Defendant Carlson's objection is without merit because the Standing Orders plainly state that "exacerbations of *diagnosed* significant health problems" require immediate evaluation, and Defendant Carlson admits that she did not immediately evaluate Plaintiff.

The Magistrate Judge correctly noted that "a failure to follow administrative policies alone does not itself constitute deliberate indifference." *Bonner-Turner v. City of Ecorse*, 627 Fed. App'x 400, 407 (6th Cir. 2015). However, the Magistrate Judge determined that Defendant Carlson's failure to follow procedure caries probative weight in assessing whether she was deliberately indifferent "because it does not stand alone". (Dkt. #38, PageID 287.) Specifically, the Magistrate Judge highlighted that Defendant Carlson knew the doctor on duty, Dr. Rhodes, previously ordered that Plaintiff be taken to the hospital for the same complaints. (Dkt. #38, PageID 287.) Accordingly, the court finds that the first objection is without merit because Defendant Carlson's failure to immediately evaluate Plaintiff violated MDOC Standing Orders and a jury could properly consider this evidence, in conjunction with other evidence noted in the R&R, in deciding whether Defendant Carlson's actions rose to the level of deliberate indifference.

### 2. Defendant's Second Objection

Defendant Carlson's second objection involves a statement allegedly made by Dr. Rhodes to her. Defendant Carlson claims that Dr. Rhodes gave her orders that Plaintiff needed to wait until the afternoon to receive medical treatment; Plaintiff argues that Dr. Rhodes never gave these orders. (Dkt. #41, PageID 311.) The Magistrate Judge found that whether Dr. Rhodes gave these orders to Defendant Carlson was material as to whether she acted with deliberate indifference or simply followed an order

of her supervisor, which does not amount to a constitutional violation. (Dkt. #38, PageID 288.) Defendant Carlson objects to this determination in that Plaintiff's testimony about Dr. Rhodes never giving orders to delay treatment is inadmissible hearsay and not properly considered for purposes of summary judgment. (Dkt. #41, PageID 311.) Defendant Carlson's objection fails because Plaintiff's testimony elicits no statement. To the contrary, Plaintiff asserts no statement was ever made. Testimony regarding the absence of a statement is not hearsay.  See Llamas v. Seibel, No. 16-cv-05812, 2017 U.S. Dist. LEXIS 141100, at *23 (N.D. Cal. Aug. 31, 2017); Fed. R. Evid. 801. Accordingly, the court rejects Defendant Carlson's second objection.

### III. CONCLUSION

For the reasons stated above, having conducted a *de novo* review, the court will overrule all objections and adopt the Magistrate Judge's well-reasoned and comprehensive R&R in full and without any amendments.  Accordingly,

IT IS ORDERED that Defendant Carlson's objections (Dkt. # 41) are DENIED and the Magistrate Judge's August 14, 2018, Report and Recommendation (Dkt. #38) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant Carlson's Motion for Summary Judgment (Dkt. #12) is DENIED.

                                                               s/Robert H. Cleland
                                                               ROBERT H. CLELAND
                                                               UNITED STATES DISTRICT JUDGE

Dated:  September 26, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 26, 2018, by electronic and/or ordinary mail.

                                                             s/William Barkholz for Lisa G. Wagner
                                                             Case Manager and Deputy Clerk
                                                             (810)292-6522