UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT HOFFMAN**,<br><br>Plaintiff,<br><br>vs.<br><br>**STACEY NEVES, R.N.; AND VICKIE CARLSON, R.N.**;<br><br>Defendants. | 2:17-CV-13263-TGB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 95) AND GRANTING DEFENDANT NEVES' MOTION FOR SUMMARY JUDGMENT (ECF NO. 84)** |

Before the Court are Plaintiff's objections to Magistrate Judge Michael J. Hluchaniuk's January 2, 2020 Report and Recommendation (ECF No. 95) recommending the Court grant Defendant Neves' Motion for Summary Judgment (ECF No. 84).

I.   Background

The relevant facts about the underlying incident in this case were summarized in the Magistrate Judge's Report and Recommendation, ECF No. 95, PageID.981–85, and those facts are adopted for purposes of this order.

Plaintiff Robert Hoffman filed his Complaint on October 4, 2017, alleging Defendants Vickie Carlson and Stacey Neves, nurses at G.

1

Robert Cotton Correctional Facility, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. ECF No. 1. Plaintiff seeks damages in excess of $25,000 as well as interest, costs, and attorneys' fees. ECF No. 1, PageID.6.

Plaintiff filed two objections to the Magistrate Judge's Report and Recommendation (ECF No. 96), which Plaintiff later supplemented with an additional declaration (ECF No. 97). Neves timely filed a response. ECF No. 98. For the reasons stated below, the Court will overrule Plaintiff's objections, adopt the Report and Recommendation, and grant Defendant Neves' Motion for Summary Judgment.

## II. Legal Standard

A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## III. Discussion

### a. Plaintiff's First Objection (Morning Claim)

The Magistrate Judge found that no reasonable juror could find that Neves was deliberately indifferent to Plaintiff's medical needs when he was not sent to the hospital the first time he complained of pain in his abdomen, around 7:30 a.m. ECF No. 95, PageID.989. The Magistrate Judge found that "Hoffman did not go to the hospital around 7:30 a.m. because of his refusal to leave the images—his property—in healthcare or to allow someone else to take them back to his cell . . . [i]t was not Neves' deliberate indifference to his medical needs that kept him at the prison." *Id.* at PageID.990. The Magistrate Judge found that Neves had provided evidence, by way of sworn testimony, of prison policies that prohibited inmates—for security reasons—from taking personal property to the hospital or returning to their cells after the decision is made to take them out of the prison. *Id.*

Plaintiff objects to this finding, claiming that the Magistrate Judge made an inappropriate credibility determination in finding that an unwritten policy existed that prohibited inmates from returning to their cells before going to the hospital. ECF No. 96, PageID.1008. Plaintiff

3

argues that the Magistrate Judge credited the testimony of Sergeant Moss and Neves, who testified that such a policy existed, and discredited the testimony of Dr. Rhodes and Carlson, who testified that they were unaware of such a policy. *Id.* Plaintiff supplemented his objections with personal declarations denying the existence of such a policy. ECF Nos. 96-1, 97.

The Court will overrule Plaintiff's first objection. No credibility determination was made by the Magistrate Judge. The only evidence as to the existence of a policy was the testimony of Moss. ECF No. 84-9, PageID.644. Rhodes and Plaintiff had no personal knowledge as to whether such a policy existed. Their testimony that they either had not heard of it or that they had experiences inconsistent with such a policy does not conflict with the direct evidence that such a policy existed. Plaintiff's supplemental declarations attesting to occasions in the past when he says he was given advance notice that he would be leaving the prison for medical procedures or was allowed to return to his cell before going to the hospital are not proof that there is no policy requiring that prisoners not be allowed to return to their cells before being taken to the hospital. Plaintiff is not a custody officer. His prior experience does not

4

demonstrate whether such a policy exists or not. He attempts to draw an inference from his experience that such a policy "must not exist," but that inference is not a fact. Even if taken as true, his experience does not show that no policy exists, only that its enforcement may be uneven. The Magistrate Judge correctly determined that "[t]o survive a summary judgment motion, a plaintiff must put forward more than speculations or intuitions." *Frazier v. USF Holland, Inc.*, 250 Fed. App'x 142, 148 (6th Cir. 2007) (citing *Mulhall v. Ashcroft*, 287 F.3d 543, 552 (6th Cir. 2002)).

Moreover, Plaintiff's argument misses the point of the Magistrate Judge's correct finding regarding the reason that Plaintiff was not taken to the hospital. Whether based on existing policy or not, the decision of Sergeant Moss and Nurse Neves not to allow Plaintiff to return to his cell is not what caused him to miss going to the hospital. Dr. Rhodes ordered Plaintiff to go to the hospital after he first complained of abdominal pain at 7:10 a.m., and Neves made arrangements to send Plaintiff to the hospital. Plaintiff would have gone to the hospital right then if he had allowed prison staff or his cellmate to take his belongings back to his cell for him. Plaintiff, not Neves, made the decision in the moment that it was more important for him to personally transport his belongings back

to his cell than it was for him to go to the hospital. The Magistrate Judge correctly found that the primary reason Plaintiff did not go to the hospital at 7:25 a.m. was because Plaintiff chose not to cooperate with prison personnel's instructions—not because Neves was deliberately indifferent to his need for medical attention. Accordingly, Plaintiff's first objection is overruled.

### b. Plaintiff's Second Objection (Afternoon Claim)

Plaintiff also objects to the Magistrate's finding that there is no genuine issue of fact regarding whether Neves was deliberately indifferent to Plaintiff's medical condition later in the afternoon. Plaintiff argues that a question of fact exists as to whether Dr. Rhodes communicated to Neves and Carlson at approximately 12:45 p.m. that Plaintiff would have to wait until second shift to go to the hospital. ECF No. 96 at PageID.1012. Plaintiff insists that no such conversation took place, and Dr. Rhodes agrees.

Plaintiff is correct that a genuine issue of material fact exists as to whether such a conversation happened between Dr. Rhodes and Carlson. Indeed, the Court found this to be the case in its previous Order, when it denied summary judgment to Nurse Carlson. ECF No. 46. But on the

6

facts before the Court, Neves would not be liable for conduct amounting to deliberate indifference to Plaintiff's medical needs regardless of whether the alleged conversation regarding the afternoon medical complaint happened or not.

If a jury were to find that Neves and Carlson did speak with Dr Rhodes and Dr. Rhodes instructed them to wait until second shift to send Plaintiff to the hospital, Neves would have been acting pursuant to a doctor's authority, and her conduct would not subject her to liability. ECF No. 95 at PageID.996–97.

If on the other hand a jury were to credit Plaintiff and Dr. Rhodes, and find that in fact Neves and Carlson never did speak with Dr. Rhodes, there is then no evidence showing that Neves was involved in responding to Plaintiff's afternoon complaint. The log book shows that *Carlson* received Plaintiff's 12:45 p.m. call and communicated that, per Dr. Rhodes, Plaintiff would have to wait until next shift. ECF No. 86-6, PageID.938–39. Neves did not communicate this to Plaintiff. Plaintiff speculates that perhaps Neves and Carlson were conspiring to deprive Plaintiff of medical care, but if the testimony of Neves and Carlson is rejected concerning their communication with Dr. Rhodes, the remaining

evidence does not show that Neves was personally involved in responding to Plaintiff's 12:45 p.m. complaint. *See* Compl., ¶¶ 26,30, ECF No. 1, PageID.104; Hoffman Dep., ECF No. 86-2, PageID.709–13. Any liability arising from the failure to respond to Plaintiff's 12:45 p.m. complaint would lie with Carlson. Accordingly, the Magistrate Judge correctly determined that the dispute over whether the conversation with Dr. Rhodes occurred is not material to the question of whether Neves is liable for deliberate indifference in this matter. ECF No. 95, PageID.998. Plaintiff's second objection is overruled.

## IV. Conclusion

For the reasons set forth above, having conducted a de novo review, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation (ECF No. 95) is **ACCEPTED** and **ADOPTED** as the opinion of the Court. Defendant Neves' Motion for Summary Judgment (ECF No. 84) is **GRANTED**.

DATED this 3rd day of March, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge