UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT HOFFMAN,**  Plaintiff,  vs.  **STACEY NEVES, *et al.*,**  Defendant. | 2:17-CV-13263-TGB-MJH  **ORDER DENYING AS MOOT MOTION FOR LEAVE TO PROCEED PRO SE (ECF NO. 136)**  **AND DENYING REQUEST FOR PREPARATION OF TRANSCRIPTS (ECF NO. 137)** |

Before the Court are two motions filed by Robert Hoffman: (1) a motion requesting permission from the Court to proceed pro se (ECF No. 136); and (2) a motion for preparation of trial transcripts (ECF No. 137). For the reasons below, both will be denied.

I. **SUMMARY OF PROCEEDINGS**

In 2017, Hoffman sued two prison nurses, asserting that they exhibited deliberate indifference to his serious medical needs by delaying his transport to an outside medical facility while he was experiencing an acute bout of pancreatitis. *See* 42 U.S.C. § 1983. Eventually, his case proceeded to trial against one of the nurses, Vickie Carlson, and a jury returned a verdict in her favor on October 13, 2023.

II. **MOTION TO PROCEED PRO SE (ECF No. 136)**

In this motion, Hoffman observes that he was represented by two different lawyers during trial proceedings. He says that the first, Keith

1

Altman, did no work on his case that he knows of, and the second, Solomon Radner, expressly told him that he would not engage in any post-trial motion practice or appeals on Hoffman's behalf. He attaches an affidavit swearing to those facts, as well as emails from Mr. Radner explaining that he would not involve himself in any appeals.

Unlike in a criminal case, there is no right to counsel in a civil case. *See Saunders v. Tanedo*, 856 F.2d 195 (Table), 1988 WL 84111, at *1 (6th Cir. Aug. 15, 1988); *see also Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014). And under Local Rule 83.25(b)(1), an attorney's appearance in a civil case continues until the entry of:

(A) a final order or judgment disposing of all claims by or against the party the attorney represents, or

(B) a withdrawal or substitution order.

Judgment in this case was entered on October 13, 2023, so Hoffman may proceed pro se—that is, he may represent himself without the necessity of the Court either an order allowing his attorney to withdraw or allowing him to proceed pro se. Hoffman may represent himself without further order by the Court. Accordingly, his request for leave to proceed pro se is **DENIED as moot**.

### III. MOTION FOR TRANSCRIPTS (ECF No. 137)

Hoffman also asks for the preparation of trial transcripts at the public's expense. He asserts that these transcripts are necessary to support a yet-unfiled motion under Federal Rule of Civil Procedure

2

60(b)(3), in which he intends to argue that Defendants Carlson and Neves committed fraud on the Court by providing trial testimony that was inconsistent with their earlier, written discovery responses.

Hoffman does not cite any authority in support of his request. Given his self-represented status, the Court has considered all possible applicable authorities.

Cases that proceed in forma pauperis, like Hoffman's, are governed by 28 U.S.C. § 1915. As relevant here, § 1915(c) authorizes courts to order preparation at the public expense of:

> (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court;
>
> (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court.

Under 28 U.S.C. § 753(f), meanwhile, transcripts in civil cases in which a party is "permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous." The statute is silent with respect to providing trial transcripts at public expense to indigent civil litigants for purposes of preparing post-trial motions.

Neither of these statutes authorizes the preparation of trial transcripts at the public expense to support a yet-unfiled post-trial motion, so the Court is without authority to grant Hoffman's request.

3

If the Court considers Hoffman's request to fall within its inherent equitable powers, it fares no better. As Hoffman points out, Federal Rule of Civil Procedure 60(b)(3) authorizes the Court to provide relief from judgment in case of fraud. But Rule 60(b)(3) motions are typically granted when a court is "reasonably well satisfied that the testimony given by a material witness is false; that, without it, a jury might have reached a different conclusion; that the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after trial." *Abrahamsen v. Trans-State Exp., Inc.*, 92 F.3d 425, 428 (6th Cir. 1996) (quotations omitted). The discrepancies between the trial testimony of Neves and Carlson and their discovery responses were known to Hoffman during the trial, were used for impeachment during cross-examination, and are not the kind of surprise false testimony that could support post-judgment relief.

If Hoffman chooses to appeal, and the Sixth Circuit deems his appeal timely, he may renew his request for preparation of trial transcripts with the circuit court. But given the lack of statutory authority authorizing the Court to order preparation of the transcripts to support an unfiled motion, the request is **DENIED.**

### IV. CONCLUSION

For the reasons explained above, Hoffman's request for leave to proceed pro se (ECF No. 136) is **DENIED as moot**, and his request for preparation of trial transcripts (ECF No. 137) is **DENIED**.

5

**IT IS SO ORDERED**, this 12th day of December, 2023.

                                                      BY THE COURT:

                                                     /s/Terrence G. Berg
                                                   TERRENCE G. BERG
                                                   United States District Judge